# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| WILLIAM W. CAMERON,<br><br>Plaintiff,<br><br>vs.<br><br>TIM MUELLER, et al.,<br><br>Defendants. | Cause No. CV 10-00032-H-DWM-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Pending are Plaintiff William Cameron's Motion for Leave to Proceed in Forma Pauperis (Court Doc. 1) and proposed Complaint (Court Doc. 2). This action presents a controversy over whether the Defendants, acting under color of state law, violated Mr. Cameron's federal constitutional rights thereby subjecting Defendants to liability under 42 U.S.C. § 1983. Accordingly, the case presents a federal question over which the Court possesses jurisdiction pursuant to 28 U.S.C. § 1331.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Cameron submitted a declaration and account statements

sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Cameron is required to pay the statutory filing fee for this action of $350.00.  Mr. Cameron submitted account statements showing average monthly deposits of $42.05 over the six months immediately preceding the filing of this action.  Therefore, an initial partial filing fee of $8.41 will be assessed by this Order.  28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Mr. Cameron's account and forward it to the Clerk of Court.

Thereafter, Mr. Cameron will be obligated to make monthly payments of 20% of the preceding month's income credited to Mr. Cameron's prison trust account.  The percentage is set by statute and cannot be altered.  See 28 U.S.C. § 1915(b)(2).  By separate order, the Court will direct the agency having custody of Mr. Cameron to forward

payments from Mr. Cameron's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Mr. Cameron is a state prisoner incarcerated at Montana State Prison in Deer Lodge, Montana.

Mr. Cameron names Tim Meueller (MSP Hobby Director); Shelly Steph (MSP Close One Unit Manager); Mr. Pentland and Ken Cozby (MSP disciplinary officers); Kris Studeny and Billy Reich (MSP grievance officers); Montana Department of Corrections Director Mike Ferriter; Earlene Paner (MSP medical records clerk); Colleen Ambrose DOC attorney); Cathy Redfern (Administrator of MSP Health Services Bureau); and Unnamed Jane and John Doe Defendants.

### B. Allegations

Mr. Cameron alleges that Defendants hindered, delayed, and obstructed his prior lawsuit filed in this Court, Civil Action 08-CV-42-H-DWM-RKS by denying photocopies, legal supplies, denying income to

purchase legal supplies, and withholding evidence.

Mr. Cameron alleges Defendant Mueller stole his horsehair hobby items and accessories for the purpose of cutting off/limiting his income during the discovery process in order to deny him photocopies of evidence and other documentation needed to complete discovery and prepare for trial.

Mr. Cameron contends Defendants Steyh, Studney, Reich, and Ferriter conspired with Mueller by denying grievances regarding the hobby materials being confiscated.  He alleges Defendants Pentland and Cozby consipired with Mueller by denying Mr. Cameron due process at the disciplinary hearing on Mr. Cameron having excess hobby supplies.

Mr. Cameron contends Defendant Earlene Paner refused to provide him with specific medical records needed to successfully complete his discovery process in Civil Action No. 08-CV-42-H-DWM-RKS.  He contends Defendant Paner lied when she told this Court that she provided him with full review of his medical records.  Mr. Cameron contends he has tried five or six time to obtain and review specific medical records but has been denied access to same.

Finally, Mr. Cameron alleges Defendants Ambrose and Redfern denied him meaningful discovery in his prior civil action.

For his relief, Mr. Cameron seeks compensatory damages, punitive damages, declaratory relief, and a federal investigation of Defendants' actions.

## III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

As Mr. Cameron is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quotation omitted).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).  This "plausibility standard" is guided by "[t]wo working principles." *Iqbal*, 129 S.Ct. at 1949.  First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.  "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Cf.*

Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### B. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Mr. Cameron alleges he is being denied access to the courts. Pursuant to the Fourteenth Amendment due process clause, inmates have a "fundamental constitutional right of access to the courts."

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-00032-H-DWM-RKS / PAGE 7

*Bounds v. Smith*, 430 U.S. 817, 828 (1977). That access must be "adequate, effective, and meaningful." *Id.* at 822. To show a violation of this right to access to the courts, an inmate must demonstrate "actual injury," in that there was a "specific instance" in which they were denied access. *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996). "The injury requirement is not satisfied by just any type of frustrated legal claim"; prisoners have a right to access to the courts only in relation to direct appeals from the convictions for which they were incarcerated, habeas petitions, or civil rights actions challenging the conditions of their confinement. *Casey*, 518 U.S. at 354-55. This right of access to the courts "guarantees no particular methodology but rather the conferral of a capability-the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356.

    The right of access to courts is only a right to bring complaints to federal court and not a right to the discovery of such claims or to litigate them effectively once filed with a court. *See Lewis*, 518 U.S. at 354-55. Mr. Cameron's allegations in his current lawsuit pertain only to the

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO
DISMISS COMPLAINT–CV-10-00032-H-DWM-RKS / PAGE 8

effective litigation of his medical care claims. For that reason, he fails to state a claim for denial of access to the courts.

Mr. Cameron had a full and extensive opportunity to litigate his prior civil action in this Court. Mr. Cameron filed a number of motions to compel and other motions during the course of that litigation which were handled individually by the Court. Issues regarding discovery should have been raised in the prior action and not here as a separate denial of access to the courts claim. Mr. Cameron's medical care claims were dismissed on the merits. After a hard fought two-year litigation, Mr. Cameron's claim that he was denied access to the courts is implausible.

## IV. CONCLUSION

### A. Leave to Amend

Mr. Cameron failed to state a claim upon which relief may be granted. These are not defects which could be cured by the allegation of additional facts. As such, Mr. Cameron's Complaint should be dismissed.

### B. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Mr. Cameron fails to state a claim upon which relief may be granted.

> C. **Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-00032-H-DWM-RKS / PAGE 10

not taken in good faith." The good faith standard is an objective one. See *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

Mr. Cameron's failure to state a federal claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

### D. Address Changes

At all times during the pendency of this action, Mr. Cameron SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-00032-H-DWM-RKS / PAGE 11

CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Cameron has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to [Fed.R.Civ.P. 41(b)](Fed.R.Civ.P. 41(b)).

Based upon the foregoing, the Court issues the following:

### ORDER

1. Mr. Cameron's Motion for Leave to Proceed in forma pauperis (Court Doc. 1) is **GRANTED.** The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is **DEEMED FILED** on June 18, 2010.

Further, the Court issues the following:

### RECOMMENDATIONS

1. Mr. Cameron's Complaint should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be

granted.

    2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

    3.  The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Cameron failed to state a claim upon which relief may be granted.

    4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain that Mr. Cameron's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

    Pursuant to 28 U.S.C. § 636(b)(1), Mr. Cameron may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT–CV-10-00032-H-DWM-RKS / PAGE 13

Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of July, 2010.

                                                    /s/ Keith Strong  
                                                    Keith Strong  
                                                    United States Magistrate Judge