

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| WILLIAM W. CAMERON, | ) | CV 10-32-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| TIM MUELLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Cameron is a state prisoner proceeding pro se. He filed an action

pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Keith Strong

entered Findings and Recommendation in this matter on July 16, 2010,

recommending the Court dismiss Cameron's complaint. Plaintiff timely objected.

Therefore, he is entitled to <u>de novo</u> review of those portions of the Findings and

Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of

the Findings and Recommendation not specifically objected to will be reviewed

for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656

F.2d 1309, 1313 (9th Cir. 1981).

     Cameron's Complaint asserts the Defendants denied him access to the

courts during the course of his prior case before this Court, Cameron v. Rantz, CV

08-42-H-DWM-RKS.  To show a violation of the right of access to the courts, an

inmate must demonstrate an "actual injury" by proving there was a "specific

instance" in which he was denied access.  Sands v. Lewis, 886 F.2d 1166, 1171

(9th Cir. 1989).  The right of access includes the right to bring the claims, but not

a right to discovery or the right to litigate the claim effectively once it is filed.

Lewis v. Casey, 518 U.S. 343, 354-55 (1996).  Judge Strong found Cameron had

failed to state a claim for relief and recommended dismissing Cameron's

Complaint because Cameron had full opportunity to bring and litigate his prior

claim, which he eventually lost on the merits.  The numerous issues he now raises

regarding discovery should have been raised during the prior litigation.

     Cameron objects to Judge Strong's recommendation on several bases.  The

majority of his objections relate to discovery disputes that arose during the

litigation of the prior case, including claims that Defendants denied him

photocopying access and withheld medical records from him.  As Judge Strong

-2-

correctly found, such allegations do not state a claim that he was denied access to the courts. Cameron was able to bring the claims before the Court, and that is all the right guarantees. Lewis, 518 U.S. at 354-55. Further, the record shows he aggressively and fully litigated the claims over a two year period. Cameron was able to file numerous motions, including a motion to compel discovery which was granted. Cameron had a chance to present his claims, but ultimately the Court found he could not succeed on the merits. He cannot re-litigate these issues now. The time for addressing discovery disputes in the prior case has passed, and Cameron has failed to identify any specific injury, such as a particular piece of evidence allegedly withheld by defendants that would have impacted the outcome. Cameron argues he is not required to show actual injury and showing restrictions on his access to legal materials is sufficient to succeed. The cases he relies on for this argument are not binding on this Court and, even if they were, they are distinguishable because they address an absolute deprivation of the right of access to the courts, not merely discovery disputes. E.g. Ferreira v. Duval, 887 F. Supp. 374, 381-82 (D. Mass. 1995); Sowell v. Vose, 941 F.2d 32, 34-35 (1st Cir. 1991).

Cameron objects to the finding that he has not stated a claim under § 1983 for the alleged theft of his horsehair hobby property. Judge Strong construed this portion of his complaint as related to his denial of access claims, because Cameron

-3-

stated the theft prevented him from having the money to pursue his claims. For

the reasons stated above, such a claim fails. Cameron's objections suggest he may

be asserting the theft as a separate claim. Such a claim must fail. A state official's

unauthorized taking of property under color of state law does not violate the

Constitution if the State provides a "meaningful post-deprivation remedy" for the

deprivation. Hudson v. Palmer, 468 U.S. 517, 553 (1984). The Montana Tort

Claims Act, Mont. Code Ann. §§ 2-9-101, et. seq., provides an adequate post-

deprivation remedy for an intentional tort such as the theft alleged by Cameron.

State employees are not immune from suit for intentional torts. Thus, adequate

post-deprivation remedies are available. Mr. Cameron's claim that his horsehair

hobby property was stolen by a particular officer constitutes an unauthorized

intentional deprivation of property that is not a due process violation because there

is a meaningful post-deprivation remedy.

Cameron also objects that Defendants violated his due process rights when

they did not allow him to call witnesses at a disciplinary hearing related to the

horsehair hobby issue. To state a claim for a due process violation, a plaintiff

must show (1) he had a protected liberty interest and (2) was deprived of that

interest without adequate due process. If there is no liberty interest at stake, the

Constitution does not require any process, and the second element becomes

-4-

irrelevant. See e.g. Meachum v. Fano, 427 U.S. 215, 223-24 (1976). In the prison setting, a liberty interest is recognized and protected only if state officials or employees take actions that either (1) affect the sentence imposed upon conviction in an unexpected manner, or (2) impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Cameron cannot show a due process violation arising from the disciplinary hearing. It is not atypical or significant to limit the scope of a disciplinary hearing or to prevent an inmate from calling certain witnesses. Because there is no protected liberty interest at issue here, there can be no due process violation.

Cameron suggests that prison officials have affected his access to the courts by retaliating against him for pursing legal claims through withholding medical care. However, the alleged withholding of care relates to issues already addressed in Cameron's prior case, including whether he has been restricted from doctor visits, denied access to a heart specialist, or denied a heart monitoring test. See e.g. Cameron v. Rantz, CV 08-42-H-DWM-RKS, Findings & Rec. at 11-15, 18-19 (doc. #121). He continues to receive medical care and the Court has already ruled on the merits of his denial of medical care claims.

Cameron objects to Judge Strong's finding that he should be denied leave to

-5-

amend his Complaint.  However, the Court agrees with Judge Strong.  Based on

the record of Cameron's litigation, it is implausible that he could succeed on a

claim for denial of access to the courts related to his prior litigation.  He had the

opportunity to fully litigate those claims.  Thus, amendment would be futile, and

the Court will not permit Cameron to amend his Complaint.  See Lopez v. Smith,

203 F.3d 1122, 1127 (9th Cir. 2000).

I find no clear error in Judge Strong's remaining findings and

recommendations.  Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and

Recommendation (dkt #4) are adopted in full.  The Complaint is DISMISSED

WITH PREJUDICE for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to close this matter and to enter judgment

pursuant to Fed. R. Civ. P. 58.

The Clerk of Court is further directed to have the docket reflect that the

dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Cameron

failed to state a claim upon which relief may be granted.

The Clerk of Court is further directed to have the docket reflect that the

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith.

-6-

Defendants are entitled to judgment and no reasonable person could suppose an

appeal would have merit.

Dated this 10 day of August, 2010.

_____
Donald W. Molloy, District Judge
United States District Court